Louis B. Heller, J.
Plaintiff moves for a temporary injunction restraining the defendant, New York City and Vicinity Dis *262 trict Council of Carpenters, AFL-CIO (hereinafter Union), from (1) picketing plaintiff’s place of business, (2) displaying any writing which in any way indicates or suggests that a labor dispute exists in plaintiff’s place of business, (3) threatening or molesting plaintiff’s employees or damaging their property or the property of the plaintiff, and (4) intimidating others with whom plaintiff transacts business or impeding plaintiff from engaging in the normal performance of its business activities.
Plaintiff asserts that although the majority of its employees were not members of any union and were not on strike on October 1,1969, the Union began to picket its premises with signs stating that plaintiff was guilty of unfair labor practices and on October 8, 1969 approached plaintiff with the demand that a labor contract be negotiated which plaintiff refused to do. Since then, plaintiff continues, members of the Union have been following plaintiff’s deliveries to its customers and to trucking and freight carriers who are then asked not to deal with plaintiff because of labor difficulties and these firms now refuse to deal with plaintiff.
The Union relates that it began an organizational campaign on September 29, 1969 to unionize plaintiff’s employees through the use of leaflets and face-to-face discussions. This campaign resulted in the obtaining of a substantial number of signed authorization cards. Plaintiff then embarked upon a campaign to solicit withdrawals of authorization cards signed by the employees. It promised a better medical plan than that advertised in the campaign material of the Union, put such plan into effect, threatened a loss of benefits within 24 hours of the initial card-signing campaign, and threatened the loss of a bonus. The day after the commission of these acts, the Union picket signs appeared on plaintiff’s premises, protesting unfair labor practices. The Union also filed with the National Labor Relations Board charges alleging that these acts of the employer violated the Taft-Hartley Act. The board’s investigation of the charges resulted in the finding that sufficient grounds existed to warrant the issuance of a complaint against the plaintiff and such complaint was issued on December 3, 1969. A hearing was held on January 8 and 9,1970 and the matter is presently pending before the board’s trial examiner for a decision.
The Union also asserts that it has not threatened or participated in any violent conduct, has not threatened to destroy or destroyed any property belonging to the plaintiff, has not mistreated any employees but that all of its activities have been conducted peacefully.
*263 In San Diego Unions v. Garmon (359 U. S. 236) the defendant union was unsuccessfully attempting to organize plaintiff’s employees. Plaintiff sought to enjoin the union’s picketing activities and its exertion of pressure on customers and suppliers in order to persuade them to stop dealing with plaintiff. The sole purpose of these activities was to compel execution of a contract between the plaintiff and the union. In reversing the California court’s affirmance of the injunction, the court said (p. 244):
1 ‘ When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield. To leave the States free to regulate conduct so plainly within the central aim of federal regulation involves too great a danger of conflict between power asserted by Congress and requirements imposed by state law. Nor has it mattered whether the States have acted through laws of broad general application rather than laws specifically directed towards the governance of industrial relations. Regardless of the mode adopted, to allow the States to control conduct which is the subject of national regulation would create potential frustration of national purposes.
‘ ‘ At times it has not been clear whether the particular activity regulated by the States was governed by § 7 or § 8 or was, perhaps, outside both these sections. But courts are not primary tribunals to adjudicate such issues. It is essential to the administration of the Act that these determinations be left in the first instance to the National Labor Relations Board. What is outside the scope of this Court’s authority cannot remain within a State’s power and state jurisdiction too must yield to the exclusive primary competence of the Board.”
The court points to the fact that, notwithstanding the foregoing statements, where there is conduct marked by violence and imminent threats to the public order, State jurisdiction will prevail ‘ ‘ because the compelling state interest, in the scheme of our federalism, in the maintenance of domestic peace is not overridden in the absence of clearly expressed congressional direction ” (p. 247).
The complaint and its supporting papers clearly allege organizational activity on the part of the defendant and conduct amounting to a secondary boycott. The legality or illegality of these acts is covered by section 8 (subd. [b], par. [4], subpars. [i] and [ii] and par. [7]) of the National Labor Relations Act *264 (Taft-Hartley Act, U. S. Code, tit. 29, § 158). It is thus clear that this dispute falls within an area which has been pre-empted by the Federal law so as to vest primary jurisdiction with the National Labor Relations Board to compel the cessation of the alleged unfair labor practices of the defendant.
The application herein does not fall within the exception set forth by the Supreme Court in the San Diego Unions v. Garmon case wherein the State court may take jurisdiction. The moving affidavits contain no evidence that the Union has participated in any violence, intimidation, disorder or destruction of property.
The determination previously made with respect to the other defendants in this action does not bind this court to a similar determination as to the defendant herein. The law of the case has not been established thereby, since the defendant herein was not a party to the motion nor even a party in an action. (See Rankin v. Shanker, 25 N Y 2d 780.) The motion is accordingly denied.